**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ALYSSA SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>GK PARANDHAMAIA and JAN PARANDHAMAIA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>No.<br><br><br>**FILED ELECTRONICALLY** |

## COMPLAINT

AND NOW COMES Plaintiff, Alyssa Smith, by and through her undersigned counsel and the law firm of Steptoe & Johnson, PLLC, and files this within Complaint against Defendants, GK Parandhamaia and Jan Parandhamaia, and in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Florida who resides at 1570 Bonita Lane, Naples, Florida 34102. Defendants are citizens of Maryland, who upon information and belief reside at 5405 Glendale Road, Swanton, Maryland 21561.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as the events giving rise to the claims occurred in Garrett County, Maryland, which is within the Northern Division of this District.

3. Additionally, there is currently other pending litigation ("Smith Farm Litigation") filed in the Northern Division of this District at No. 1:25-cv-02691-SAG to which Plaintiff is not a party, involving claims between the Defendants and Plaintiff's husband, Steven G. Smith ("Steve

Smith"), and Smith Farm Holdings, LLC ("Smith Farm Holdings"), an entity of which Plaintiff's husband is the principal and a member. Plaintiff is also a member of Smith Farm Holdings. Both Plaintiff and her husband, Steve Smith, hold a 50% ownership interest in Smith Farm Holdings.

**PARTIES**

4. Plaintiff Alyssa Smith is an adult individual residing at 1570 Bonita Lane, Naples, Florida 34102. She is the wife of Steve Smith, and a 50% owner in Smith Farm Holdings, the named defendants in the Smith Farm Litigation

5. Defendants GK Parandhamaia and Jan Parandhamaia (collectively, "Defendants" or the "Parandhamaias") are husband and wife, and are adult individuals, who upon information and belief, are residing at 5405 Glendale Road, Swanton, Maryland 21561.

**INTRODUCTION**

6. This action stems from SFH's purchase of the real property located at 2440 Bittinger Road ("2440 Bittinger Road") and 2714 Bittinger Road ("2714 Bittinger Road"), Swanton, Garrett County, Maryland (collectively, the "Properties"), consisting of several parcels totaling approximately 166 acres near Deep Creek Lake. The Properties had been in the family of Defendant Jan Parandhamaia for generations, and she grew up in the small cabin located at 2440 Bittinger Road. After circumstances required the Parandhamaias to sell the Properties, Smith Farm Holdings ultimately became the buyer, and the couple immediately regretted the sale. Since then, they have embarked on a four-year-and-counting campaign to make Smith Farm Holdings' ownership of the Properties so untenable that the company would simply hand the Properties back. That conduct has included making baseless demands of Smith Farm Holdings as buyer and landlord, repeatedly filing criminal complaints against Plaintiff's husband, Steve Smith, filing or threatening multiple civil actions against Smith Farm Holdings and Steve Smith, and otherwise

antagonizing and harassing Plaintiff and her family — all with the express, stated purpose of re-acquiring the Properties, relief that could not actually be granted in any litigation the Parandhamaias have pursued. Notably, this conduct occurred principally after the Parandhamaias purchased and closed on a new residence a short distance from the Properties, where they have now lived for almost three years, meaning they have not occupied any portion of the Properties themselves for nearly that same period, but have returned repeatedly to same solely to continue to harass and intimidate Plaintiff and her family.

## FACTUAL ALLEGATIONS

7. On or about July 21, 2022, Defendants sold the Properties located at 2440 Bittinger Road and 2714 Bittinger, Swanton, Garrett County, Maryland to Smith Farm Holdings for approximately $1.3 million in an arms-length transaction in which both sides were represented by counsel and real estate agents.

8. Smith Farm Holdings is a Florida corporation, whose principal is Steven G. Smith, Plaintiff's husband, and to which Plaintiff has a 50% ownership interest.

9. As part of the transaction, Smith Farm Holdings agreed to lease back to the Parandhamaias the house and garage located at 2440 Bittinger Road (the "Premises") for a term of five years at a total rent of $5.00 ($1.00 per year) pursuant to a residential Lease Agreement dated July 21, 2022 (the "Lease'

10. The Properties had been in Defendant Jan Parandhamaia's family for generations and she had, in fact, grown up in the Premises at 2440 Bittinger Road. Accordingly, Smith Farm Holdings, via the Lease, wanted to honor that history with the Properties and allow the Parandhamaias continued use of the Premises and learn from them about the Properties' history and operations.

11. Indeed, the sales agreement for the Properties included a general addendum whereby, in exchange for the Lease and $1.00 a year rent, the Parandhamaias agreed to remain reasonably available to provide advice on the historic operation and maintenance of the Properties, as it was Smith Farm Holdings' goal to preserve and continue such historic use.

12. Unbeknownst to Plaintiff and Smith Farm Holdings at the time (and prior to the purchase of the Properties), based upon information and belief, following the death of Jan Parandhamaia's parents, the Parandhamaias intended to subdivide the Properties and either sell said parcels or build homes on the parcels and then sell the homes and attendant land.

13. However, the Parandhamaias purchased a large parcel of the Properties from Jan Parandhamaia's brother and sister-in-law. Apparently, after the purchase, the Parandhamaias learned that this parcel carried a covenant requiring that it be used only for farmland, otherwise the Parandhamaias would incur significant tax liability. Accordingly, the Parandhamaias sued Jan Parandhamaia's own brother and sister-in-law over the sale.

14. Further, the Parandhamaias had previously built a spec home on another adjacent parcel of land located at 2438 Bittinger Road ("2438 Bittinger Road"), Swanton, Garrett County, Maryland, and which had previously been a part of the large plot owned by Jan Parandhamaia's family. After running out of money and now unable to sell or develop the remaining parcels, the Parandhamaias sold 2438 Bittinger Road in or about November 2021, and were then forced to place the Properties for sale.

15. Smith Farm Holdings then purchased the Properties in July 2022, approximately a year after they were listed for sale.

16. Immediately after selling the Properties, the Parandhamaias regretted the sale.

17. Rather than accept the sale, the Parandhamaias embarked on a course of conduct intended to make Smith Farm Holdings' ownership of the Properties so costly, antagonistic, and toxic that Smith Farm Holdings would return the Properties to them.

18. This course of conduct began almost immediately when Plaintiff's husband discovered the Parandhamaias stealing priceless vintage lumber from the Property the day after Smith Farm Holdings took possession of the Properties.

19. In speaking with the crew that was loading the lumber onto a trailer at the time of Steve Smith's arrival, Steve Smith learned that "G.K. Parandhamaia hired them and they had already taken multiple trailer loads of the lumber earlier that morning to another property down the road." Steve Smith called G.K. Parandhamaia and he arrived soon thereafter. Given that this interaction was the very first time meeting each other, Steve Smith reminded G.K. Parandhamaia that the contents of the properties had been sold along with the properties. G.K. Parandhamaia agreed and asked the crew he had hired to put the trailer full of wood they had just loaded outside of the barn back into the barn.

20. In effort to launch a friendly and positive relationship with the Parandhamaias, Steve Smith chose to ignore the multiple trailer loads of wood that had already been stolen and rather simply mentioned how delighted he and Plaintiff were to have purchased the Properties. Steve Smith then asked G.K. Parandhamaia to introduce him to his wife so that they could meet for the first time. G.K. Parandhamaia then walked Steve Smith and his son up the short hill to the door of the cabin located on 2440 Bittinger where Jan Parandhamaia was to introduce everyone.

21. When Steve Smith was still approximately 20 paces away from the front door, Jan Parandhamaia swung the door open. Steve Smith introduced himself and his son, expressed how delighted he and Plaintiff were to have purchased the Properties and how excited they were to

learn about the history of the land and family that had lived there for so many years. He went on to then invite Parandhamaias to join Steve Smith, Plaintiff and their children for dinner sometime over the next week or two to get to know each other. Jan Parandhamaia simply said "no," and slammed the door shut.

22. This auspicious beginning evolved quickly whereby the Parandhamaias then launched a course of conduct that included trespassing on 2714 Bittinger Road and accessing and utilizing portions of 2440 Bittinger Road that the Parandhamaias did not have access or use of pursuant to the Lease (including destroying several acres at 2440 Bittinger Road by farming and planting potatoes), despite repeated requests from Smith Farm Holdings that the Parandhamaias cease this conduct.

23. The Parandhamaias also began to use the legal system as yet another front in their campaign against Smith Farm Holdings and Plaintiff's husband by repeatedly filing criminal charges against Plaintiff's husband for accessing Smith Farm Holding's properties, filing and prolonging multiple civil lawsuits, and threatening additional lawsuits that lacked any basis in law or fact.

24. On October 21, 2022, the Parandhamaias instituted a rent escrow action against Smith Farm Holdings in the District Court of Maryland for Garrett County, Case No. D-122-CV-22-007273, which Smith Farm Holdings thereafter appealed de novo to the Circuit Court for Garrett County at Case No. C-11-CV-22-000109 (the "Rent Escrow Action"). The Rent Escrow Action stemmed from the Parandhamaias claim that they were not required to pay rent (again at $1 per year) as the well serving the home at 2440 Bittinger Road allegedly lacked sufficient water and needed to be replaced, despite the fact that immediately before the suit the Parandhamaias had been in possession of the Premises and knew that the well at 2438 Bittinger Road (which they

owned until mere months before the suit and which was only a few hundred yards away from the well at 2440 Bittinger Road) needed to be replaced.

25. Nevertheless, as part of the pattern of using the law as a tool harassment, the Parandhamaias demanded that Smith Farm Holdings, as landlord for 2440 Bittinger Road, expend money to place a new well on the property.

26. In turn, and on April 13, 2023, the Parandhamaias instituted a second civil action against Smith Farm Holdings in the Circuit Court for Garrett County, Case No. C-11-CV-23-000070, demanding that Smith Farm Holdings pay damages for the purported lack of water at 2440 Bittinger Road (the "Damages Action").

27. On or about June 16, 2023, Smith Farm Holdings, through counsel, sent a letter to the Parandhamaias' counsel explaining that the Parandhamaias were violating the Lease by farming portions of, and storing equipment on, multiple acres of the 2440 Bittinger Road property, and demanding that they confine their use to the house and garage.

28. Rather than comply, Jan Parandhamaia began filing a series of criminal complaints against Plaintiff's husband, alleging that he committed a trespass by accessing land at 2440 Bittinger Road—property owned by Smith Farm Holdings—and that he was harassing her by, among other things, posting "No Trespassing" signs on the Properties owned by Smith Farm Holdings.

29. Specifically, and on or about July 5, 2023, Jan Parandhamaia instituted criminal charges against Plaintiff's husband and obtained an ex parte Temporary Peace Order directing that Plaintiff's husband could not access 2440 Bittinger Road, which was owned by Smith Farm Holdings. The peace order proceeding was docketed in the District Court of Maryland for Garrett

County at Case No. DS-122-CV-23-818665 and the criminal charges were filed at DS-122-CR-23-000274.

30. Plaintiff's husband was served with the criminal charges and a Temporary Peace Order on or about July 8, 2023 and in front of Plaintiff, her children, and her guests.

31. Hearings regarding continuation of the Temporary Peace Order were held on July 12 and July 20, 2023. Following those hearings, and on or about July 25, 2023, the Temporary Peace Order was dissolved, no Permanent Peace Order was issued, and the criminal charges against Smith were dismissed.

32. On or about the very day the criminal charges were dismissed, Jan Parandhamaia removed and stole a security camera belonging to Smith Farm Holdings from the Properties, and thereafter continued to file criminal charges against Steven Smith arising from his access to the Properties owned by Smith Farm Holdings.

33. These subsequent efforts included Jan Parandhamaia filing additional criminal charges and a demand for a second Peace Order on or about August 22, 2023 at dockets D-122-CR-23-00033 and D-122-CV-23-821744, respectively, and again stemming from Steve Smith utilizing the properties owned by his owned company, Smith Farm Holdings.

34. The Garrett County Sheriff thereafter made numerous trips to the Properties to address Jan Parandhamaia's complaints and serve Plaintiff's husband with process in front of Plaintiff and their family and guests, events which caused great stress to Plaintiff, Steve Smith, the guests, and Plaintiff's children.

35. This second petition for a Peace Order was ultimately dismissed on or about September 21, 2023 and the criminal charges were dismissed on or about October 18, 2023.

36. No permanent Peace Order or criminal conviction was ever obtained against Smith as a result of Jan Parandhamaia's serial criminal filings.

37. Not satisfied with these actions and the results of same, Jan Parandhamaia repeatedly:

a. Blocked Plaintiff's use of the driveway owned by and located on Smith Farm Holdings' property;

b. Accosted Plaintiff and screamed and swore at her from her vehicle or the Premises;

c. Monitored the Smith family's use of their own property in person and via video recording; and

d. Sent threatening and/or harassing text messages and other communications to Plaintiff and her family members.

38. On one such occasion, and in or about October 2023, Jan Parandhamaia physically blocked the driveway to the Properties so that Plaintiff could not pass and confronted Plaintiff as she raged about her various perceived issues with Steve Smith, Smith Farm Holdings, Plaintiff, her family and the Properties.

39. During this confrontation, Jan Parandhamias screamed at Plaintiff while recording her with a camera and Plaintiff could not pass Defendant.

40. Plaintiff begged Jan Parandhamaia to stop blocking the driveway, stop screaming at her and allow her to pass.

41. Jan Parandhamaia refused; even as Plaintiff was reduced to tears, was visibly shaking and had difficulty standing.

42. On August 23, 2023, Smith Farm Holdings filed a Counterclaim and an Application for a Temporary Restraining Order and Preliminary Injunction arising out of the Parandhamaias' trespass on, and destruction of, portions of the Properties that they were not entitled to access under the Lease, as set forth above.

43. The Parandhamaias' two actions (i.e., the Rent Escrow Action and the Damages Action) and Smith Farm Holdings' Counterclaim and request for TRO were consolidated for trial, which was held in the Circuit Court for Garrett County Maryland on September 5 and October 4, 2023.

44. The Parandhamaias' principal complaint during trial was that they simply regretted selling the Properties, and specifically the 2440 Bittinger Road parcel, to Smith Farm Holdings and wished they had retained it as it was the home that Jan Parandhamaia grew up in and she was emotionally attached to same.

45. Further, and unbeknownst to Smith Farm Holdings, Smith and the Circuit Court at the time, the Parandhamaias had purchased a new residence approximately 3.5 miles away at 5405 Glendale Road, Swanton, Maryland 21561 ("5405 Glendale") on or about September 14, 2023—during the trial—and did not disclose that fact to the Circuit Court, instead representing that they resided at, and could not find alternatives to, the Premises in light of the alleged issues with the well. A true and correct copy of the deed evidencing the sale is attached hereto as Exhibit C.

46. The Parandhamaias moved into 5405 Glendale and utilized it as their residence shortly thereafter. However, as set forth at further length herein, the Parandhamaias made repeated trips to the Properties after moving to 5405 Glendale solely to continue their harassment campaign against Plaintiff and her family and as a means of perpetuating litigation against them.

47. Upon information and belief, in 2024 the Parandhamaias also made repeated complaints to the Garrett County Road Department regarding perceived water flow issues from the road and demanded that drainage ravines be installed at the County's expense (which did occur) so that the couple could expand their ongoing landscaping and other property improvement efforts

at their new home, confirming both that the Parandhamaias, in fact, resided at 5405 Glendale since at least 2024 and that the Parandhamaias will stop at nothing to get what they want from anyone.

48. Following trial, on October 13, 2023, the Circuit Court issued its Declaratory Judgment and Order and Memorandum Opinion (collectively, the "Circuit Court Order"), finding that Smith Farm Holdings was required to take steps to ensure that the Parandhamaias had access to water at 2440 Bittinger Road and that the property rented to the Parandhamaias pursuant to the Lease is "limited to the house and garage and the curtilage area immediately surrounding the house" and that the Parandhamaias "are not entitled to any other access, beyond the house and garage, other than for use of the driveway."

49. The Court did not award damages to any party in connection with the consolidated claims.

50. Smith Farm Holdings subsequently had a new well drilled at 2440 Bittinger Road to ensure the Premises had access to water, despite the fact that *the Parandhamaias no longer resided there.*

51. On or about November 12, 2023, the Parandhamaias appealed the October 13, 2023 Order to the Appellate Court of Maryland, asserting positions that were directly contradicted by their own trial testimony and the undisputed record, and for which they failed to cite any supporting law. Notably, the Parandhamaias asserted that their claims for damages, only, should be reopened in the trial court despite previously agreeing that the Trial Judge should handle all pending issues at trial.

52. On or about November 6, 2023, and just a week prior to filing the appeal, the Parandhamaias threatened to file an "Amended Complaint" in the damages action seeking to invalidate the sale of the Properties and to assert claims for "perjury" and malicious prosecution

against Plaintiff's Husband, with a demand for punitive damages of $2,750,000.00, unless Smith Farm Holdings agreed to return 2440 Bittinger Road to the Parandhamaias.

53. On November 8, 2023, counsel for Smith Farm Holdings subsequently advised counsel for the Parandhamaias that the facts and legal claims asserted in the "Amended Complaint" had no basis in reality and in fact were contradicted by the Parandhamaias' own testimony less than a month earlier and/or were precluded by the Circuit Court Order. Further, counsel for Smith Farm Holdings stated that there would not be any resolution in which Smith Farm Holdings returned any portion of the Properties, including 2440 Bittinger, to the Parandhamaias.

54. Four days later, the Parandhamaias filed their appeal to the Circuit Court Order.

55. Notably, and immediately following argument on the appeal, the Parandhamaias' counsel acknowledged that the Parandhamaias were being charged on an hourly basis, were "flush with cash" paid to them by Smith Farm Holdings, regretted selling the property, and that counsel could "drag the appeal process out for years," even beyond the term of the Lease.

56. On March 13, 2025, after forcing Smith Farm Holdings to expend substantial time and money defending the appeal for nearly a year and a half, the Parandhamaias voluntarily dismissed the appeal without notice, comment, or explanation, and the Appellate Court of Maryland entered its mandate dismissing the appeal on March 17, 2025.

57. On March 18, 2025, counsel for Smith Farm Holdings/Plaintiff's husband spoke with counsel for the Parandhamaias who indicated that they were dismissing the appeal as they planned to file a new civil action against Smith Farm Holdings and Steve Smith unless they agreed to return the Properties to the Parandhamaias.

58. After Smith Farm Holdings and Plaintiff, again, confirmed that they would not return the Properties to the Parandhamaias, they filed the Smith Farm Litigation on May 29, 2025.

59. The Parandhamaias are serial abusers of the legal system, having previously sued Jan Parandhamaia's own brother in connection with their purchase of a portion of the Properties, *see Parandhamaia v. Fitzwater*, Case No. C-11-CV-19-000026 (Garrett Cty. 2019) and having pursued repeated actual and threatened civil and criminal proceedings against Smith Farm Holdings and Plaintiff's husband in the years following the sale.

60. Following the Circuit Court's Order, the Parandhamaias continued to trespass upon the Properties beyond the Premises and used their nominal presence on the Premises solely to antagonize Smith Farm Holdings and the Smith family, including Plaintiff, in an effort to interfere with their use and enjoyment of their own property.

61. The civil actions, criminal charges, peace order proceedings, and appeal instituted and continued by the Parandhamaias were not brought to vindicate any legitimate legal right, but rather to harass and intimidate Smith Farm Holdings, and Plaintiff and her husband, and to coerce Smith Farm Holdings into returning the Properties, relief which they could not obtain in any proceeding actually filed, threatened, real or imagined.

62. This purpose, and in turn the Parandhamaias' motive, was further evidenced by their physical confrontations with Plaintiff and efforts to make Plaintiff and her family's ownership and use of the Property so untenable and toxic that they would simply relinquish possession of same.

63. Indeed, and as a result of the Parandhamaias' antagonistic conduct towards the Plaintiff, she has avoided visiting the Properties and remains confined to the farmhouse located on 2714 Bittinger whenever she is required to visit same out of fear of encountering the Parandhamaias and further being subject to their harassment

64. Further, and as a result of the Parandhamaias' conduct, Plaintiff has suffered severe physical and emotional injuries, including but not limited to:

a. extreme emotional distress;

b. subacute thyroiditis and/or exacerbation of same;

c. stress;

d. anxiety;

e. fearfulness;

f. lack of ability to sleep;

g. body aches and tightness;

h. fever;

i. inability to eat;

j. headaches;

k. neck pain;

l. throat and ear pain;

m. rapid heart rate;

n. heart palpitations;

o. tremors;

p. lack of ability to focus;

q. damage to reputation; and

r. damage to relationships.

65. Indeed, as a result of these injuries, Plaintiff was required to undergo significant medical treatment including continuous blood and heart monitoring and taking various mediations and has been required to expend significant sums of money in connection with same.

66. Further, Plaintiff was unable to work for long stretches of time as she was debilitated and bedridden by her emotional and physical injuries as a result of the Parandhamaias' conduct. Accordingly, she lost significant income as well.

## **COUNT I**

## **ASSAULT**

67. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

68. Under Maryland Law, an assault is any unlawful attempt to cause a harmful or offensive contact with the person of another or to cause an apprehension of such a contact. *Continental Casualty Co. v. Mirabile*, 449 A.2d 1176, 1183 (Md. App. Ct. 1982).

69. On numerous occasions the Parandhamaias have approached Plaintiff on the Smith Farm Holdings property, and sworn at her, and encroached on Plaintiff's personal space in an intimidating manner.

70. Due to the Parandhamaias' prior use of police force and course of aggressive conduct, Plaintiff had reasonable apprehension of contact in these moments.

71. Plaintiff's apprehension is supported by, among other things, her refusal/inability to leave the farmhouse when the Parandhamaias were about.

72. Plaintiff has suffered those injuries and damages as a result of the assaults as set forth above, including physical and emotional injuries that have resulted in costs associated with medical treatment and medications and lost income.

73. The Parandhamaias' conduct was the direct and proximate cause of these injuries damages.

## **COUNT II**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

74. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

75. To establish intentional infliction of emotional distress under Maryland law, a claimant must show that (a) the defendant's conduct was intentional or reckless; (b) the conduct was extreme and outrageous; (c) there is a causal connection between the conduct and the emotional distress; and (d) the emotional distress was severe.

76. The Parandhamaias engaged in intentional and reckless conduct directed at Plaintiff including but not limited to engaging in a years long campaign to harass and intimidate Plaintiff and her family in the hopes that they would simply return the Properties to the Parandhamaias, including, harassing, intimidating and assaulting Plaintiff, causing baseless criminal charges to be filed against Plaintiff's husband, obtaining an *ex parte* order barring Plaintiff's husband from accessing the property owned by Smith Farm Holdings, repeatedly filing further criminal charges against Plaintiff's husband, and threatening to prosecute Plaintiff's husband for "perjury" and to seek $2,750,000.00 in punitive damages unless the Properties were returned.

77. This conduct, undertaken as part of a sustained, multi-year campaign to weaponize the civil and criminal justice systems against Plaintiff and her husband, and to extort the return of Properties the Parandhamaias had voluntarily sold, was extreme and outrageous and exceeded all possible bounds of decency tolerated by a civilized community.

78. The Parandhamaias' conduct was the direct and proximate cause of severe emotional distress to Plaintiff, distress so severe that no reasonable person could be expected to endure it, including but not limited to those physical and emotional injuries as set forth above.

79. The Parandhamaias' conduct further caused Plaintiff significant damages, including costs associated with medical treatment and medications and lost income.

**COUNT III**

**FALSE IMPRISONMENT**

80. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

81. Under Maryland Law, the elements for false imprisonment are: (1) a deprivation of the liberty of another; (2) without consent; and (3) without legal justification. *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 112 (Md. 2000).

82. On multiple occasions, the Parandhamaias restricted Plaintiff from being able to leave the Smith Farm Holdings property and/or the farmhouse located on same without any legal justification and, indeed, their sole justification was to make Plaintiff and her family's ownership of the Properties so toxic that they relinquished same to the Parandhamaias; a result that they could not obtain through any legal means.

83. Plaintiff has suffered those injuries and damages as a result of the Parandhamaias conduct as set forth above, including physical and emotional injuries that have resulted in costs associated with medical treatment and medications and lost income.

84. The Parandhamaias' conduct was the direct and proximate cause of these injuries damages.

**COUNT IV**

**CIVIL CONSPIRACY**

85. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

86. To establish civil conspiracy under Maryland law, a claimant must show (a) a combination or agreement between two or more persons; (b) to accomplish an unlawful act or to use unlawful or tortious means to accomplish an act not in itself unlawful; (c) an overt tortious act in furtherance of the agreement; and (d) resulting damages.

87. GK Parandhamaia and Jan Parandhamaia agreed and acted in concert to accomplish their shared objective of coercing Plaintiff and her family into returning the Properties by means of the tortious conduct described above.

88. Their agreement and action in concert are evident by their cooperation with one another in the pending Smith Farm Litigation, prior litigation and appeals, as well as their course of conduct involving combined, repeated indignities toward Plaintiff and her family as set forth herein.

89. In furtherance of their agreement, the Parandhamaias committed overt tortious acts, including but not limited to the filing and prolonging of baseless civil proceedings, the filing of baseless criminal charges and a peace order petition against Steve Smith, and the making of extortionate demands and threats, and the harassment of Plaintiff and her family.

90. Plaintiff has suffered those injuries and damages as a result of the Parandhamaias conduct as set forth above, including physical and emotional injuries that have resulted in costs associated with medical treatment and medications and lost income.

91. The Parandhamaias' conduct was the direct and proximate cause of these injuries damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Alyssa Smith, respectfully requests that this Court enter judgment in her favor and against Defendants GK Parandhamaia and Jan Parandhamaia, jointly and severally, as follows:

a. Awarding compensatory damages in an amount to be proven at trial, but in excess of $75,000, exclusive of interest and costs;

b. Awarding punitive damages in an amount sufficient to punish and deter Defendants' malicious, willful, and outrageous conduct;

c. Awarding all other damages recoverable at law or in equity;

d. Granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: September 18, 2026

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/Tracey B. Eberling*

Tracey B. Eberling (MD Fed. Bar ID 11393)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd, Suite 300
Martinsburg, WV 25404
(O): 304.263.6991
tracey.eberling@steptoe-johnson.com

Nicholas L. Fiske*
Pennsylvania Bar No. 309696
nick.fiske@steptoe-johnson.com

Joseph R. Lewis III*
Pennsylvania Bar No. 328830
joseph.lewis@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
One PPG Place, Suite 3300
Pittsburgh, Pennsylvania 15222
Telephone: 412-504-8010
Fax: 412-504-8011
**Admitted Pro Hac Vice*

*Counsel for Plaintiff, Alyssa Smith*

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the ___ day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Adam Greivell, Esquire
5 Cornell Ave
Hagerstown, MD 21742
(240)528-8150
adam@gfirm.us

Arnold Phillips, Esquire
25254B Garrett Highway
McHenry, MD 21541
(301) 387-2800
afplaw@gmail.com

*/s/ Nicholas L. Fiske*
Nicholas L. Fiske
Pennsylvania Bar No. 309696